# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7385 | **DATE** | November 22, 2011 |
| **CASE TITLE** | Derrick Hicks (#2011-0210148) v. Cook County Sheriff Dep't, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $7.33 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses the complaint without prejudice to pursuing what relief may be available to him in state court. This case is terminated. Plaintiff remains responsible for the filing fee.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

Plaintiff, Derrick Hicks, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Cook County Sheriff's Department, the Cook County Jail, Cook County Sheriff Tom Dart, and Superintendent Moreci. Plaintiff alleges that although the judge in his underlying criminal case set bond at $2500.00, and his family was ready and able to post bond for him, a computer error indicating a parole hold prevented him from being able to bond out. Additionally, at some point while he was a pre-trial detainee, Plaintiff alleges he was transferred to Jefferson County Jail, and when he returned he was placed in segregation because he was told by jail officials that there was no space for him in general population. Plaintiff alleges that the actions of Defendants as alleged in his complaint violated his constitutional rights. (See Plaintiff's complaint).

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account
**(CONTINUED)**

AWL

# STATEMENT

office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

Plaintiff's primary claim that he was denied the ability to bond out while being held at the Cook County Jail as a pre-trial detainee fails. The Seventh Circuit has held that custody in lieu of bond is not punishment, and consequently not actionable under 42 U.S.C. § 1983. *Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974); *see also Evans v. Frank*, 2007 U.S. Dist. LEXIS 89544 *10 (E.D. Wis. November 26, 2007) (detainer preventing pretrial bail is not a constitutional violation).

To the extent that Plaintiff's claim is in regard to mistaken information in the computer regarding the parole hold, his claim is, in essence, one of a violation of procedural due process. *See generally Fuentes v. Sheahan*, 2004 U.S. Dist. LEXIS 13436 (N.D. Ill, July 16, 2004) (Aspen, J.) However, in section 1983 actions challenging the mistakes made by state employees rather than the state procedures by which those mistakes were made, *Parratt v. Taylor*, 451 U.S. 527 (1981); *overruled on other grounds*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), requires a court "'to consider the adequacy and availability of remedies under state law before concluding that a deprivation of life, liberty, or property violates due process of law' . . .." *Toney-El v. Franzen*, 777 F.2d 1224, 1228 (7th Cir. 1985). Illinois state law provides for an action for false imprisonment. *Meerbrey v. Marshall Field & Co.*, 139 Ill.2d 455, 474 (1990). As Plaintiff has alleged that a mistake led to his failure to be allowed to post bond, and he has an adequate remedy in state court, his procedural due process claim fails.

Additionally, as of October 18, 2011, the Illinois Department of Corrections' website indicates that Plaintiff has been taken into custody at Stateville Correctional Center. To the extent that Plaintiff is seeking any form of injunctive relief, such relief would be moot due to the custodial transfer. *See Pearson v. Welborn* 471 F.3d 732, 743 (7th Cir. 2006) (transfer of inmate moots his claims for injunctive relief).

To the extent that Plaintiff's claim is that his rights were violated because of the transfer to Jefferson County Jail,"an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State...." *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983); *see also Howe v. Smith*, 452 U.S. 473, 487 (1981); *Healy v. Wisconsin*, 65 Fed. Appx. 567 (7th Cir. 2003). Illinois statutes specifically provide that pretrial detainees may be transferred to any facility "whenever [the county department of corrections] determines that such transfer or recommitment would promote the welfare or rehabilitation of the prisoner, or that such transfer or recommitment is necessary to relieve overcrowding." 55 ILCS § 5/3-15003(b). Plaintiff has no liberty interest in remaining in a particular correctional facility. *Nash v. Litscher*, 50 Fed Appx. 317 (7th Cir. 2002). As such, Plaintiff's claim regarding his transfers to Jefferson County fails to state a cause of action.

Further, Plaintiff alleges he was placed in segregation on return to the Cook County Jail because there was no space for him in general population. The Seventh Circuit has held that under *Sandin v. Conner* 515 U.S. 472, 115 S.Ct. 2293, 2301 (1995) the Due Process Clause is not implicated by a prisoner's placement in segregation
**(CONTINUED)**

| STATEMENT |
|---|

because conditions of confinement in segregation are not significantly different from those in the general prison population. *Hamlin v. Vaudenberg,* 95 F.3d 580, 584 (7th Cir. 1996). Consequently, Plaintiff's claims regarding placement in segregation fail to state a claim upon which relief can be granted.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate a "strike" under 28 U.S.C. § 1915(g).